UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER )
INDUSTRY WELFARE FUND, TRUSTEES OF THE )
NATIONAL AUTOMATIC SPRINKLER INDUSTRY )
PENSION FUND, TRUSTEES OF THE SPRINKLER )
INDUSTRY SUPPLEMENTAL PENSION FUND, TRUSTEES )
OF THE INTERNATIONAL TRAINING FUND AND )
TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER )
INDUSTRY METAL TRADES WELFARE FUND )
8000 Corporate Drive )
Landover, MD 20785, )
                                     Plaintiffs, )
                                    v. ) C.A. NO.:
)
R & F PLUMBING & FIRE PROTECTION, INC. )
723 Sonora Avenue )
Glendale, CA 91224, )
)
Serve:   Grach Darabedyan, Registered Agent )
          1710 W. Kenneth Road )
          Glendale, CA 91201, )
)
                                 Defendant. )

## COMPLAINT

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND TO COMPEL PRODUCTION OF DOCUMENTS FOR AN AUDIT)**

### PARTIES

1. Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, the International Training Fund and the National Automatic Sprinkler Industry Metal Trades Welfare Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff NASI Funds are established and maintained according to the provisions of the Restated

Agreements and Declarations of Trust establishing the Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Sprinkler Fitters Local Union No. 709 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. The Defendant R & F Plumbing & Fire Protection, Inc. is a corporation existing under the laws of the State of California with offices located in California. Defendant transacts business in the State of California as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## COUNT I

4. At all times relevant herein, Defendant has been signatory to Collective Bargaining Agreements with Sprinkler Fitters Local Union No. 709 requiring that the Defendant submit monthly remittance reports setting forth each hour of work by employees performing installation of automatic sprinkler systems and to make monthly contributions for each of those hours worked.

5. Defendant employed certain employees covered by the Collective Bargaining Agreements during the months of October 2015 through the present.

6. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Pursuant to the terms of the Defendant's Collective Bargaining Agreement, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

8. In January 2018, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of October 1, 2015 through September 30, 2017. Said audit revealed contributions due and owing to the NASI Funds by the Defendant in the amount of $8,752.70. Defendant has failed to pay this amount owed to the NASI Funds.

9. Defendant has failed to make complete contributions due to NASI Funds for the months of January 2017 and February 2017 for work performed by its sprinkler fitter employees and covered by the Collective Bargaining Agreement. Pursuant to reports submitted by the Defendant, the Funds have calculated that contributions are still owed in the amount of $1,682.02 for said months.

10. Defendant has failed to make contributions due to NASI Funds for the months of September and October 2018 for work performed by its sprinkler fitter employees and covered by the Collective Bargaining Agreement. In addition, Defendant has failed to submit report forms for these months.

11. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making

the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> ... The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted ...

12. Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of September and October 2018 is $92,597.36 calculated as follows:

| Month | **Welfare** | **Pension** | **SIS** | **ITF** | **MT Welfare** |
|---|---|---|---|---|---|
| June 2018 | $24,336.48 | $6,041.60 | $12,759.20 | $128.00 | $3,100.80 |
| July 2018 | $23,181.81 | $5,100.80 | $11,647.55 | $114.80 | $3,799.50 |
| August 2018 | $25,775.70 | $5,491.20 | $12,910.80 | $121.80 | $4,386.00 |
| Average Monthly Contributions: | $24,431.33 | $5,544.53 | $12,910.80 | $121.53 | $3,762.10 |

13. Defendant has overpaid contributions to the NASI Funds for work performed by its sprinkler fitter employees and covered by the Collective Bargaining Agreement during the months of March 2018, April 2018 and July 2018 resulting in credit of $4,534.30. This amount will be applied to the delinquent contributions owed as set forth in this Complaint.

14. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of October 2017, July 2018 and August 2018 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

4

15. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of January and February 2017, September 2018 and October 2018 are late and Defendant's contributions as revealed owed by the wage and payroll audit of the Defendant's records for the period of October 1, 2015 through September 30, 2017 are late.

16. Pursuant to the Trust Agreements, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

17. Pursuant to this provision, Defendant is obligated to the NASI Funds in the amount of $48,883.12 for liquidated damages assessed on the late contributions as set forth herein, plus interest at the rate provided in the NASI Trust Agreements, the Guidelines, and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff NASI Funds pray for Judgment against the Defendant as follows:

A. In the amount of $8,752.70 for contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of October 1, 2015 through September 30, 2017, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B.  In the amount of $89,745.08 for contributions due for work performed in August 2017 through October 2017, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C.  In the amount of $48,883.12 for liquidated damages assessed on late contributions for the months of January 2017, February 2017, October 2017 and July 2018 through October 2018 and assessed on late contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of October 1, 2015 through September 30, 2017, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D.  For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

E.  For such further relief as the Court may deem appropriate.

## COUNT II

18.  Plaintiffs hereby adopt, incorporate, and restate in Count II paragraphs 4 through 17 of Count I.

19.  As part of the wage and payroll audit referenced in Count I, the NASI Funds' auditor prepared a list of employees who worked for the Defendant during the period of October 1, 2015 through September 30, 2017, but who were not reported to the NASI Funds (see list attached hereto as Exhibit B and hereinafter referred to as "the employee list").

20.  The NASI Funds have made repeated requests to the Defendant to provide a list of job designations for the employees as set forth on the employee list.

21. The NASI Funds' auditor requested the list of job designations for the employees as set forth on the employee list in order to determine if any additional contributions are owed by the Defendant the NASI Funds for the period of October 1, 2015 through September 30, 3017.

22. Pursuant to the Collective Bargaining Agreement, Trust Agreements and the Guidelines referenced herein, Defendant is required to submit the list of job designations that was requested by the NASI Funds' auditor.

23. The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count II, Plaintiff NASI Funds pray for judgment against the Defendant as follows:

A. That this Court enforce the terms of the Collective Bargaining Agreements, Trust Agreements and the Guidelines and order the Defendant to provide a list of job designations for the employees as set forth on the employee list.

B. That Plaintiffs have Judgment against Defendant for any additional amounts determined as owing by the audit of the Defendant's wage and payroll records, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C. That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records,

pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

    D.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

318404_1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 12th day of December, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
      Plan Benefits Security

 

/s/
Charles W. Gilligan

318404_1